UNITED STATES DISTRICT COURT - NH

THE UNITED STATES OF AMERICA

v.

OLUWASEUN ADEKOYA

1:13-cr-98-01-JL

MOTION TO SUPPRESS

Oluwaseun Adekoya, through counsel, respectfully requests that this Court grant his Motion to Suppress evidence unlawfully seized, without a warrant, in violation of the Fourth Amendment, and to suppress all evidence derivatively obtained therefrom.

In support, it is stated:

1. A second superseding indictment alleges that Mr. Adekoya committed the offenses of Bank Fraud contrary to 18 U.S.C. 1344, and Conspiracy to Commit Bank Fraud, contrary to 18 U.S.C. §§ 371 & 1344. Final pretrial is scheduled for June 9, 2014, and jury selection is scheduled for June 17, 2014.

2. When Mr. Adekoya was arrested, upon an arrest warrant, in his home, a postal inspector seized an IPhone cellphone registered to one Adejoke Olumodeji, but used by Mr. Adekoya. The government's account and that of Mr. Adekoya differ; the cellphone was either in Adekoya's physical possession when he was arrested, or it was in his residence, in plain view, on a table. Either way, this Motion seeks to suppress evidence obtained or learned as a derivative fruit of the seizure of that cellphone.

**TIMELINESS**

3. This case has been pending since Mr. Adekoya's arrest on October 2, 2013.

1

Undersigned counsel was appointed on January 23, 2014. The second superseding indictment, upon which Mr. Adekoya will be tried, was filed May 14, 2014, but it alleged the same charge as count four of the first superseding indictment, which was filed March 19, 2014. More importantly, the basic facts underlying this case have been known to all parties since the inception of this case in October, 2013. Accordingly, undersigned counsel is mindful of the fact that the first question the Court will ask upon viewing the title of this Motion is, why is this motion to suppress being filed on the eve of the final pretrial?

4. The answer, however, is simple. The government has never provided a report or discovery item to undersigned counsel, stating that an IPhone was seized from Mr. Adekoya when he was arrested. The government did not disclose to the defense, any intention of using any evidence derived from the cellphone seized from Mr. Adekoya, until it provided a disk entitled "Copy of CD provided by Verizon Wireless in response to a trial subpoena," on May 27, 2014.

5. The disk provided on May 27, 2014 contained the response by Verizon Wireless – including phone records – based upon a subpoena for a phone with the phone # 828-229-4949. Nothing in the May 27 discovery, or its cover letter, indicated that this was believed to be Mr. Adekoya's phone (the records showed it to be registered to one Adejoke Olumodeji of Far Rockaway, New York). The other disk provided that same day, contained the cellphone records for a cellphone seized from a co-defendant, Aubrey Banks. No "summary report" has been provided explaining the significance of a phone registered to Adejoke Olumodeji.

6. On June 7, 2014 Attorney Arnold Huftalen graciously offered to sit down with

undersigned counsel and summarize the items of discovery that the government intended to rely on at trial, and the witnesses that the government intended to call.  During that meeting, Attorney Huftalen explained that the phone registered to Adejoke Olumodeji was, in fact, seized by a postal inspector from Mr. Adekoya when Adekoya was arrested in his home on an arrest warrant from this district on the original, now twice superseded, indictment.

7. Later that day, June 7, 2014, Attorney Huftalen contacted undersigned counsel and informed counsel that a postal inspector named Malecki represents that when he served an arrest warrant upon Adekoya in his home, Adekoya had the IPhone in his hand, and Malecki seized and retained it.

8. Undersigned counsel offers the above information for the sole purpose of explaining why a motion to suppress is being filed at this late juncture, and not earlier.  Undersigned counsel believes that the government will make no claim that this motion should have been filed earlier in the proceedings.

9. It is the hope of undersigned counsel, Attorney Huftalen and Mr. Adekoya that this trial can remain on track for a June 17 jury selection, with the suppression hearing to be heard on a date prior to June 17.

**THE FACTS**

10. As discussed above, the circumstances of the seizure of the IPhone are less than clear. No report has been provided and, apparently, none exists.  Postal Inspector Malecki claims, based upon his memory of an event that occurred more than eight months ago, that he served Mr. Adekoya with an arrest warrant at his home in New Jersey, and that Mr. Adekoya had the IPhone in his hand when he answered the door.

11. Mr. Adekoya's recollection is quite different. He represents the following facts to counsel:[1] he answered a knock on the door, holding nothing in his hands. He was wearing "basketball shorts." Postal Inspector Malecki, and several other agents, informed him that they had a warrant for his arrest, out of the judicial district of New Hampshire. The agents handcuffed Mr. Adekoya, but told him he should gather more appropriate clothing for the journey.

12. According to Adekoya, the agents then escorted him into the residence, which was also occupied by his father and mother. An agent saw an IPhone on the kitchen table, which is not far from the front door, asked if it belonged to Adekoya, and then seized it. The agent then made swiping gestures on the face of the phone, appearing to attempt to operate it or examine its contents. No agent asked Mr. Adekoya for permission to seize the IPhone. On information and belief, the agents did not have a warrant to search the residence or to seize any personal property.

13. While the circumstances of the seizure are murky, the intention of the agents is clear. The IPhone did not travel to New Hampshire as Adekoya's personal property, so that, for example, if he was released at arraignment, he would have his phone to help him get home to New Jersey. The IPhone remained in the custody of the federal government, and many months later, on May 2, 2014, a trial subpoena was served on Verizon Wireless to produce records regarding this phone's ownership records, voice and text message history.

---

[1] After learning about Postal Inspector Malecki's seizure of Adekoya's IPhone, undersigned counsel traveled to the Strafford County House of Correction later that same day (Saturday, June 7, 2014) to gather these facts from Mr. Adekoya. Because of the need to file this motion immediately, counsel has not yet had opportunity to prepare an Affidavit for Mr. Adekoya to review and execute.

14. It is undersigned counsel's understanding, based on discussions with Attorney Huftalen, that the seizure of the phone enabled the government to obtain an IMEI identifying number which made it possible to serve the subpoena upon Verizon wireless. It is unclear, however, how the agents obtained the IMEI number from the phone, and whether and when the agents obtained a warrant to search the phone. No search warrant has been provided to undersigned counsel.

## THE GOVERNING LAW

15. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

16. On information and belief, Postal Inspector Malecki did not have a search warrant or other judicial authorization to seize Mr. Adekoya's Iphone, when he arrived at Adekoya's home on October 2, 2014. Inspector Malecki did have an arrest warrant issued by this Court.

17. The search-incident-to-arrest exception "permits an arresting officer 'to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction' and to search 'the area into which an arrestee might reach in order to grab a weapon or evidentiary items.'" United States v. Wurie, 728 F.3d 1, 3-4 (1st Cir. 2013)(quoting Chimel v. California, 395 U.S. 752, 763 (1969)), *cert. granted*, Wurie v. U.S., 134 S. Ct. 9999 (Jan. 17, 2014).

18. Pursuant to this exception, the government may seize and later search evidence found in

5

the possession of a lawfully-arrested detainee, but the government may have to obtain an additional search warrant to justify that search. *Compare* United States v. Edwards, 415 U.S. 800, 801-02 (1974)(upholding search of clothing of lawfully-arrested defendant, in an effort to find paint chips that could tie him to a burglary, where police did not obtain an additional search warrant) *with* United States v. Chadwick, 433 U.S. 1 (1977)(invalidating warrantless search of footlocker that defendants loaded into trunk of car immediately prior to arrest, as this search did not further the purposes of the search-incident-to-arrest exception), *abrogated on other grounds by* California v. Acevedo, 500 U.S. 565 (1991).

19. The First Circuit has held that this exception to the warrant requirement, does not extend to the data contents of a cellphone seized at the time of arrest. Wurie, 728 F.3d at 13. The Court reasoned that "the government [had] not convinced [it] that such a search is ever necessary to protect arresting officers or preserve destructible evidence." Id.

20. Because the government has provided no discovery, other than information orally provided by Attorney Huftalen concerning the circumstances of the seizure and ensuing search here, Mr. Adekoya will further address the unconstitutionality of the seizure and search after receiving the government's objection, potentially filing a Reply or Memorandum of Law at that time.

WHEREFORE, Mr. Adekoya respectfully requests that this Court:

A) Schedule a suppression hearing (underlying facts are disputed);

B) Grant this motion to suppress, suppressing the IPhone itself, and any evidence derivatively obtained therefrom, including the fruits of the Verizon Wireless trial subpoena discussed above;

C) Grant such further relief as serves justice.

                                              Respectfully submitted,
*/s Theodore Lothstein*
Theodore Lothstein
N.H. Bar No. 10562
Lothstein Guerriero, PLLC
3 N. Spring Street, Suite 101
Concord, NH 03301
603-513-1919

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded by electronic mail on June 9, 2014 to Arnold Huftalen, Esq., Assistant United States Attorney, and by first class mail to Mr. Adekoya at the Strafford County House of Correction, 266 County Farm Rd., Dover, NH 03820.

                                              */s Theodore Lothstein*
                                              Theodore Lothstein